UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-1777-DSR                                    Date: April 13, 2026

Title      NAWRAS MAKLAD v. ERNESTO SANTACRUZ, JR., ET AL.


Present: The Honorable:   Daniel S. Roberts, United States Magistrate Judge


|  L. Krivitsky  |  n/a  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

| Attorneys Present for<br>Plaintiff(s)/Petitioner(s): | Attorneys Present for<br>Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |


**Proceedings:**        (IN CHAMBERS) **ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER, WITHOUT PREJUDICE**

Before the Court is Petitioner's Ex Parte Application for Temporary Restraining Order, filed Friday afternoon, April 10, 2026 (Doc. No. 2). For the reasons discussed below, the Ex Parte Application is DENIED without prejudice.

According to the verified allegations in the Petition, Petitioner is a Syrian citizen who entered the United States without inspection on January 1, 2022, and subsequently filed an Application for Asylum. See Pet'n (Doc No. 1) at ¶ 29. He is presently being detained at the ICE Detention Center in Adelanto, California. Id. at ¶ 1. On March 27, 2026, an immigration judge denied bond on the basis that Petitioner was a flight risk. Id. at ¶ 30. Petitioner appealed the adverse bond ruling to the Board of Immigration Appeals on March 31, 2026, and that appeal remains pending. Id. at ¶ 32.

Ten days after the adverse bond decision, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he alleges that his detention violates substantive due process, procedural due process, the Administrative Procedures Act, and 28 U.S.C. § 1231(a)(6) as interpreted in Zadvydas v. Davis, 533 U.S. 678 (2001). Id. at ¶¶ 34-64. Petitioner prays in the Petition for a Writ of Habeas Corpus "on the ground that [his] continued

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-1777-DSR                                    Date: April 13, 2026

Title        NAWRAS MAKLAD v. ERNESTO SANTACRUZ, JR., ET AL.


detention violates the Due Process Clause," a declaratory judgment that Respondents' detention of him "is and will be unauthorized by statute and contrary to law," costs and attorney's fees, and "any other relief which this Court deems just and proper."  Id. at Prayer ¶¶ 1-5.  Petitioner also voluntarily consented to have the assigned Magistrate Judge conduct all further proceedings in this case.  See Doc. No. 3.  Pursuant to General Order 26-05, the Clerk served the Petition on the Respondents on April 10, 2026, and a briefing schedule was ordered on the Petition under which Respondent's Answer to the Petition is due no later than April 17, 2026, and any Reply by Petitioner is due no later than April 20, 2026.  See Doc. No. 5.  Concurrent with the Petition, Petitioner filed the Ex Parte Application presently before the Court.  Therein, he seeks a TRO "enjoining Respondents from continuing his detention absent constitutionally adequate process."  See Doc. No. 2 at ¶ 1.

Petitioner has failed to make the showing necessary to obtain an Ex Parte TRO because he fails to acknowledge the proper legal standard for such relief. Petitioner asserts that a TRO "is warranted where the movant demonstrates likelihood of success, irreparable harm, favorable equities and public interest," citing (without actually providing the citation) to "Winter v. Natural Resources Defense Counsel," [sic].  See Appl. at ¶ 7.  Winter v. National Resources Defense Council, 555 U.S. 7 (2008), sets forth the standard for a plaintiff seeking a preliminary injunction.  555 U.S. at 20.  Petitioner has not brought a Motion for Preliminary Injunction, however.  Petitioner seeks an ex parte TRO.  "Circumstances justifying the issuance of an ex parte order are extremely limited."  Reno v. Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438–39 (1974)).  "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO."  Id. (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, ex parte applications are solely for extraordinary relief and are rarely justified.  See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995).

> What showing is necessary to justify ex parte relief?  First, the
> evidence must show that the moving party's cause will be
> irreparably prejudiced if the underlying motion is heard according
> to regular noticed motion procedures.  Second, it must be
> established that the moving party is without fault in creating the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-1777-DSR                                          Date: April 13, 2026

Title      NAWRAS MAKLAD v. ERNESTO SANTACRUZ, JR., ET AL.

> crisis that requires ex parte relief, or that the crisis occurred as a
> result of excusable neglect.

Id. 492.

Petitioner makes no attempt at either required showing.  He makes no attempt to show that he will be irreparably harmed if his Petition is heard in the regular course – in other words, to "show why [he] should be allowed to go to the head of the line in front of all other litigants and receive special treatment."  Id. at 492.  This is particularly true in light of the already-expedited briefing schedule applicable to this case (and other immigration habeas cases) under General Order 26-05, by which briefing will be complete and the matter submitted for decision within 10 days of the filing of the Petition.  While Petitioner asserts that "[u]nlawful detention constitutes irreparable harm as a matter of law" and "[e]ach additional day of confinement without constitutionally adequate process compounds this injury," Appl. at ¶ 14, to the extent that such circumstance could create grounds for consideration of emergency relief faster than the expedited schedule already applicable to this case, Petitioner fails to show that he is without fault in creating any such special crisis here.  Petitioner "has been in immigration custody since approximately September 16, 2025," and the particular bond denial he challenges was entered on March 27, 2026.  Appl. at ¶¶ 4-5.  Yet Petitioner did not seek any relief from this Court until April 10, 2026 – two weeks after the challenged decision.

Petitioner has failed to establish sufficient grounds for consideration of this matter on an emergency ex parte basis.  Accordingly, his Ex Parte Application for a Temporary Restraining Order, Doc. No. 2, is **DENIED**.  Such denial is procedural, and the Court is not addressing the substantive merits of the Petition at this time.  Moreover, this denial is without prejudice to a subsequent, proper, ex parte application should Petitioner believe he can show adequate grounds for why this case cannot be decided on the expedited briefing schedule under General Order 26-05.

|  |  : |
| --- | --- |
| **Initials of Preparer** | LK |