JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NAWRAS MAKLAD,

          Petitioner,

     v.

ERNESTO SANTACRUZ, JR., et al.,

          Respondents.

No. 5:26-cv-1777-DSR

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**1.    INTRODUCTION**

On April 10, 2026, Nawras Maklad ("Petitioner"), a noncitizen who has been detained in Immigration and Customs Enforcement ("ICE") custody since approximately September 16, 2025, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his ongoing detention.  See Doc. No. 1.  Respondent is James Janecka, warden of the detention facility holding Petitioner.[1]  Concurrently with filing the Petition, Petitioner voluntarily consented under 28 U.S.C. § 636 to have a Magistrate Judge conduct all further proceedings in this case, including trial and the entry of judgment.  See Doc. No. 3.  The case became

---

[1]    Initially, the Petition also named as Respondents the Acting Field Director of the Los Angeles Field Office of ICE, the Acting Director of ICE, the Secretary of Homeland Security, and the Acting United States Attorney General, each in his or her official capacity.  In his Reply, however, Petitioner agreed to "the dismissal of his non-immediate custodians as parties to this litigation and requests instead that this Court retain jurisdiction only of Warden James Janecka for purposes of the instant case herein."  Reply (Doc. No. 10) at 2:12-16.  Thus, the sole remaining Respondent is Warden Janecka.

fully consented three days later pursuant to the United States Attorney's Office's General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases. See General Order 26-05 at Ex. "A" (Doc. No. 5); see also Doc. No. 6.  For the reasons discussed below, the Petition is DENIED WITHOUT PREJUDICE.

## 2.    BACKGROUND

Petitioner is a native and citizen of Syria.  See Pet. at ¶ 8.  He first entered the United States without inspection on January 1, 2022.  Id. at 2:13.  On January 7, 2022, he was served with a Notice to Appear at the Detroit Immigration Court on April 13, 2022.  Id. at 2:14-15.  On August 10, 2022, Petitioner filed an I-589 Application for Asylum and Withholding of Removal.  Id. at 2:16.  He then relocated to Southern California, and his case was transferred to the Santa Ana Immigration Court.  Id. at 2:17.  On November 1, 2023, the Immigration Court granted the Department of Homeland Security's ("DHS") Motion to Dismiss Petitioner's case without prejudice.  Id. at 2:19-20.  Petitioner filed his second application for asylum and withholding of removal on December 12, 2023.  Id. at 2:21.  On September 16, 2025, he testified in support of his asylum application, and on September 24, 2025, his case was referred to the Executive Office for Immigration Review ("EOIR") for further proceedings.  Id. at 2:22-23.  Petitioner is not subject to a final order of removal.  Id. at ¶ 61.

Petitioner has been in immigration custody since approximately September 16, 2025.  See TRO App. (Doc. No. 2) at ¶ 4.  Petitioner does not explain how or why he entered immigration custody in 2025.  That issue is immaterial to the instant Petition, however, because Petitioner's challenge in this case arises solely from the subsequent denial of bond approximately six months later.  On March 27, 2026, Petitioner received a Rodriguez bond hearing.  Pet. at ¶ 30.  There, the Immigration Judge ("IJ") denied Petitioner bond on the basis that he was a flight risk.  Id.  Specifically, the IJ found that the Government had "established by clear and convincing evidence that [Petitioner] is a flight risk such that no bond is

appropriate."  Mar. 27, 2026 Order of Immigration Judge, attached to Pet. as Ex. "A" (Doc. No. 1-2).  In reaching the denial decision, the IJ considered Petitioner's recent entrance to the United States, his lack of immediate family in the United States, his pattern of address changes, and his failure to report those changes.  Id. The IJ also considered Petitioner's limited interaction with his sponsor, disbelieved the sponsor in his entirety after he submitted an incorrect address to the court, and considered Petitioner's likelihood of success on relief on asylum.  Id.

On March 31, 2026, Petitioner filed a Notice of Appeal of the IJ's bond decision with the Board of Immigration Appeals ("BIA").  See Pet. at ¶ 32, Ex. "C" (Doc. No. 1-2 pp. 217-220).  Ten days later, on April 10, 2026, Petitioner filed in this Court the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. See Pet.  The same day, Petitioner filed an Ex Parte Application for a Temporary Restraining Order ("TRO").  Doc. No. 2.  On April 13, 2026, the Court denied Petitioner's TRO Application on the ground that Petitioner had failed to show sufficient cause to proceed on an emergency basis.  See Doc. No. 7.  Pursuant to General Order No. 26-05, Respondents filed their Answer to the Petition on April 17, 2026 (Doc. No. 9), and Petitioner filed his Reply on April 20, 2026.  Doc. No. 10.

**3.      SUMMARY OF PETITIONER'S CLAIMS**

Petitioner now offers three theories in support of his Petition for the Great Writ: (1) substantive due process (Pet. at ¶ 39), (2) procedural due process (id. at ¶ 46) and (3) violation of the Administrative Procedure Act ("APA") (id. at ¶ 61).[2] Both due process claims (first and second counts) are expressly based on the IJ's March 27, 2026, bond denial.  See Pet. at ¶¶ 40-43 (challenging bond denial as violative of substantive due process); ¶¶ 46-47 and 55 (challenging bond denial as violative of procedural due process).  While Petitioner does not identify the

---

[2]      Petitioner initially pled a fourth claim for relief in the Petition, alleging that his detention violates 8 U.S.C. § 1231(a)(6).  See Pet. at ¶ 64.  He withdrew that claim in his Reply, however.  See Doc. No. 10 at 2:16-17.

3

particular agency action he challenges in his third count under the APA, the only specific action alleged in the Petition is the March 27th bond denial.  See generally Pet.  Moreover, Petitioner did not address in his Reply Respondent's argument that his APA claim fails by not identifying a particular final agency action.  See Answer (Doc. No. 9) at 3:9-13.  Finally, Petitioner confirms in his Reply that the root issue in this case is the validity of the bond decision, arguing "Petitioner is asking this Court to hold that the March 27, 2026 bond hearing was constitutionally inadequate because the Immigration Judge employed speculative reasoning and arbitrary evidentiary treatment that created an unacceptably high risk of erroneous deprivation of liberty."  Doc. No. 10 at 2:8-11.

Petitioner seeks a Writ declaring that his "continued detention violates the Due Process Clause" and ordering "a constitutionally adequate bond hearing" where the Government bears the burden of proof.  See Pet. at 14, prayer ¶ 2.  He does not seek an order of immediate release.  See Pet. at 14:17-15:2 (prayer for relief); see also Reply 11:21-24.

**4.     LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  Habeas relief extends to those who can show they are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).   "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

**5.     DISCUSSION**

As discussed above, the root issue in this case is the validity of the IJ's March 27, 2026, bond denial.  Respondent objects that the Court lacks jurisdiction to review that decision.  The Court will therefore first consider whether it has jurisdiction to reach the question, and then the related issue of whether

Petitioner's challenge is barred for failure to exhaust his available administrative remedies.

**A.      The Court Has Jurisdiction to Review the Immigration Judge's March 27, 2026, Denial of Bond for Abuse of Discretion**

Respondents contend that this Court lacks jurisdiction to review the IJ's March 27, 2026, denial of bond because federal courts may not review challenges to the merits of an IJ's decision to deny bond.  See Answer at p. 5:17-23. Respondents are incorrect on this point.  The Supreme Court has clarified the boundaries of judicial review in the immigration context by explaining that "[t]he application of a statutory legal standard ... to an established set of facts is a quintessential mixed question of law and fact" and is reviewable.  Wilkinson v. Garland, 601 U.S. 209, 212 (2024).  Following Wilkinson, the Ninth Circuit has held that an IJ's determination that a detainee poses a danger to the community or a flight risk is a mixed question of law that may be reviewed for an abuse of discretion.  See Martinez v. Clark, 124 F.4th 775, 783 (9th Cir. 2024) ("Wilkinson compels the conclusion that application of the 'dangerousness' standard is a reviewable mixed question."); see also C.A.R.V. v. Wofford, No. 1:25-cv-1395-JLT-SKO, 2026 WL 241823, at *3 (E.D. Cal. Jan. 29, 2026) ("In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an 'abuse of discretion' standard.").

Under abuse-of-discretion review, the Court "cannot reweigh evidence," but instead determines whether the IJ "applied the correct legal standard."  Martinez, 124 F.4th at 785 (internal quotation marks omitted).  Thus, the Court's review "is limited to whether the IJ's decision reflects clear legal error or is unsupported by sufficient evidence."  C.A.R.V., 2026 WL 241823, at *3 (internal quotation marks omitted); accord Kumar v. Noem, No. 1:26-cv-1148-DJC-AC, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026); Hilario Pankim v. Barr, No. 20-cv-2941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020).  Accordingly, the Court concludes that it

has jurisdiction to review the IJ's March 27, 2026, denial of bond for abuse of discretion.

### B.   Petitioner's Challenge to the IJ's Bond Decision is Nevertheless Barred for Failure to Exhaust Administrative Appeal Rights

The Ninth Circuit has made clear that "[l]ower courts are ... not free to address the underlying merits [of a habeas action] without first determining [whether] the exhaustion requirement has been satisfied."  Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004).  As a prudential matter habeas petitioners must exhaust available judicial and administrative remedies before seeking relief.  28 U.S.C § 2241; see also Castro-Cortez v. I.N.S., 239 F.3d 1037, 1047 (9th Cir. 2001), overruled on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30, 126 (2006).  In the context of a habeas petition, administrative exhaustion is prudential, and not mandatory.  See Y.S.G. v. Andrews, No. 2:25-cv-1884-SCR, 2025 WL 2979309, at *7 (E.D. Cal. Oct. 22, 2025) ("The federal habeas statute under which this case was filed does not require exhaustion of administrative remedies.")

### i.   Petitioner Has Failed to Exhaust his Administrative Remedies

A noncitizen "dissatisfied with the IJ's bond determination" must ordinarily "file an administrative appeal so that 'the necessity of detention can be reviewed by ... the [Board of Immigration Appeals].'"  Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted).  When a petitioner fails to exhaust prudentially required administrative remedies, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused."  Id.

Petitioner argues that he has exhausted his administrative remedies by filing two bond requests and submitting his currently pending appeal to the Board of Immigration Appeals ("BIA") on March 31, 2026.  See Pet. at ¶¶ 14-16. Respondents counter that Petitioner has not exhausted those remedies because his appeal before the BIA is still pending.  See Answer at p. 6:3-9.  Petitioner

concedes in the Petition that he filed an appeal to the BIA a mere 10 days before filing this case.  See Pet. at ¶ 32.  Nowhere does Petitioner allege or argue that his appeal has been decided.  In fact, Petitioner concedes in his Reply "that appeal remains pending."  Reply at 10:17.

Petitioner has not exhausted his administrative remedies because he seeks habeas review of the IJ's bond denial ahead of his pending appeal before the BIA.  "This short cut was improper."  Leonardo, 646 F.3d at 1160.  See also Obando Padilla v. Larose, No. 3:26-CV-01459-RBM-JLB, 2026 WL 1002047 at *3 (S.D. Cal. Apr. 13, 2026) (concluding that Petitioner's habeas petition that was filed while his appeal was pending before the BIA was premature.); N.A. v. Warden, Adelanto Det. Facility, No. 5:25-CV-03007-CV-MBK, 2026 WL 734587 (C.D. Cal. Feb. 20, 2026), report and recommendation adopted, No. 5:25-CV-03007-CV-MBK, 2026 WL 734585 (C.D. Cal. Mar. 12, 2026) ("Petitioner has not fully exhausted administrative remedies because his BIA appeal of the IJ's Rodriguez bond denial remains pending.")

Thus, the Court finds that Petitioner has not yet exhausted his available administrative remedies.

**ii.        Petitioner Has Not Shown Grounds to Waive the Exhaustion Requirement**

As noted above, the exhaustion requirement is prudential, not jurisdictional.  It can therefore be waived.  Respondent concedes that this Court has discretion to waive the exhaustion requirement, under appropriate circumstances.  See Answer at 6:3-4.  Though he did not address the issue in his Petition, Petitioner requests in the Reply that any remaining exhaustion requirement be excused.

Courts may waive the exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void."  Laing, 370 F.3d at 1000 (quotation marks and citation omitted).

Petitioner bears the burden of showing that an excuse for exhaustion applies.  See Leonardo, 646 F.3d at 1161; see also Aden v. Nielsen, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash Nov. 7, 2019 ("The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these Laing factors applies.")

Here, Petitioner argues that excusal of the exhaustion requirement is warranted because his detention is causing irreparable injury, and the BIA cannot remedy "the Constitutional injury with the speed necessary" to protect his liberty interest.  See Reply at 10:26-11:1-2.  But Petitioner presents no individualized evidence showing any particularized irreparable harm to him if forced to allow the administrative appeal to run its course.  Nor does Petitioner make any claim as to how long his BIA appeal make take, and why such period constitutes irreparable harm sufficient to waive the exhaustion requirement.  Those cases where courts have waived the exhaustion requirement typically require such a showing.  See, e g., Singh v. LaRose, No. 26-CV-1425 JLS (GC), 2026 WL 1387428 at *4 (S.D. Cal. May 18, 2026) (waiving the exhaustion requirement where Petitioner's presentation of evidence "unique to him" supported a finding of irreparable harm); Nola v. D.H.S., No. 5:26-CV-02180-MBK, 2026 WL 1330294 at *5 (C.D. Cal. May 13, 2026) (waiving the exhaustion requirement where Petitioner "presented compelling reasons" that he would suffer irreparable harm, like his serious health conditions and familial obligations); Hernandez v. Warden, No. 5:26-CV-02231-AJR, 2026 WL 1362396 at *5 (C.D. Cal. May 11, 2026) (Petitioner's presentation of evidence of the BIA's delay in reviewing appeals satisfied his burden of showing he would suffer irreparable harm waiting for the BIA to rule on his appeal); Velasquez v. Bondi, No. 26-CV-01759-GPC-DDL, 2026 WL 1042479 at *5 (S.D. Cal. Apr. 16, 2026) (waiving exhaustion where Petitioner presented evidence that the BIA was unlikely to provide him efficacious relief and his inability to care for his children with complex medical needs while detained would cause irreparable harm.).  Additionally, unlike

in N.A. v. Warden, where the court waived the exhaustion requirement because Petitioner's appeal had been pending for more than nine months and the BIA had delayed resolution, here, Petitioner's appeal has only been pending before the BIA since March 31, 2026.

Petitioner's argument here is that "each day" in detention is irreparable harm, so he should not have to bother with his BIA appeal.  If that reason alone was sufficient to waive the exhaustion requirement, however, there would be no exhaustion requirement.  Therefore, the Court does not find Petitioner has shown sufficient reason to waive the exhaustion requirement.  See Laing, 370 F.3d at 1001 ("Here, however, we find no indication in the record, or the briefs, of any reason to waive the exhaustion requirement."); Pinto-Nunez v. Warden, 2026 WL 1031033, at *2 (E.D. Cal. Apr. 16, 2026) ("The undersigned finds that analysis of the Puga factors does not support waiver of the exhaustion requirement, as relaxation of the requirement may encourage bypass of the administrative scheme and administrative review may allow correction of mistakes and generation of a proper record, as well as preclude the need for judicial review."); see also Resendiz v. Holder, No. 12-cv-4850 WHA, 2012 WL 5451162, at *5 (N.D. Cal. Nov. 7, 2012) ("Allowing those who argue procedural errors in their custody or bond determinations to bypass the administrative process would disrupt the agency's autonomy and result in unnecessary judicial review of unexhausted claims.").

As the Immigration Judge denied bond based on a finding of risk of flight, "[t]he BIA clearly is empowered to reverse the [IJ's] determinations, including all of the errors Petitioner now alleges were made by the" IJ.  Nagiyev v. Warden, No: 25-CV-3744 JLS (MMP), 2026 WL 945965, at *2 (S.D. Cal. Apr. 7, 2026); see Valdovinos-Diaz v. Sessions, No. 18-cv-0383-PJH, 2018 WL 2096525, at *3 (stating that BIA has authority to reopen cases to fix administratively correctable procedural errors, even if those errors are failures to follow due process (citation omitted).

Accordingly, Petitioner has not satisfied his burden of showing that an excuse for exhaustion applies.  Leonardo, 646 F.3d at 1157.

Therefore, the Court declines to waive the exhaustion requirement. Petitioner's request for habeas review in this Court of the Immigration Judge's denial of bond is barred for Petitioner's failure to exhaust his available (and pending) administrative appeal remedies.  While the Court has the option either to "dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies" under this circumstance, see Leonardo, 646 F.3d at 1160, the Court sees no good reason to stay the case pending the BIA's decision on his appeal.  Instead, the case is DISMISSED, without prejudice to Petitioner filing a new writ petition if he is still unsatisfied with the final bond determination after exhausting his available administrative remedies.

**6.     CONCLUSION**

Based on the foregoing, Petitioner's request for Writ of Habeas Corpus is DENIED without prejudice and the case is DISMISSED.

**IT IS SO ORDERED.**

DATED: May 26, 2026          _____

                                            HON. DANIEL S. ROBERTS
                                            UNITED STATES MAGISTRATE JUDGE

10